_____

JAMAL GEORGE JONES,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

_____/

Case No.  1:10-CV-471
(Criminal Case No. 1:07:CR:190-01)

HON. GORDON J. QUIST

## OPINION

Pursuant to 28 U.S.C. § 2255, Petitioner, Jamal George Jones, has moved to vacate, set aside, or correct his sentence.   In December 2007, Petitioner pleaded guilty to one count of possession with intent to distribute over fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).   This Court sentenced Petitioner to 180 months imprisonment, reflecting a ten-year mandatory minimum for the first count and a five-year mandatory minimum for the second.  On appeal, the Sixth Circuit affirmed the sentence.  *United States v. Jones*, 569 F.3d 569 (6th Cir. 2009).

In May 2010, Petitioner filed the instant § 2255 motion.  The motion cites *United States v. Almany*, a Sixth Circuit opinion issued after Petitioner was sentenced, which interpreted § 924(c)'s "except" clause such that the statute's five-year mandatory minimum does not apply where, as here, the defendant is also subject to a higher mandatory minimum sentence for another offense. 598 F.3d 238, 241-42 (6th Cir. 2010).   Because he was already subject to a ten-year mandatory minimum sentence for the drug offense, Petitioner argues that he also fell within 924(c)'s "except" clause and

that his attorney was ineffective for failing to raise this issue on direct appeal. In August 2010, this Court granted the Government's request to hold Petitioner's § 2255 motion in abeyance as the Supreme Court had recently granted certiorari specifically to address the proper construction of § 924(c)'s "except" clause, and a ruling contrary to *Almany* could render Petitioner's arguments moot. On November 8, 2010, Petitioner also filed a Petition for Assignment of Counsel and an Application to Proceed without Prepayment of Fees under 28 U.S.C. § 1915.

Shortly thereafter, the Supreme Court decided *Abbott v. United States*, unanimously holding that in cases such as Petitioner's, sentences under § 924(c) are to be consecutive. ___ U.S. ___, 131 S.Ct. 18, 23 (2010). Because *Abbott* effectively abrogated *Almany* on this issue and Petitioner's only claim for relief is now foreclosed, the Court will deny his motion under § 2255. For the same reason, the Court will deny his Petition for Assignment of Counsel and his Application to Proceed without Prepayment of Fees.

Finally, on December 20, 2010, Petitioner also filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure asking the Court to apply the Fair Sentencing Act of 2010 retroactively to his sentence. Setting aside the issue of whether such a request may even be asserted in a motion under § 2255, Petitioner is not entitled to the relief he seeks. This Court is bound by the Sixth Circuit's holding in *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), that the Fair Sentencing Act of 2010 does not apply retroactively. Therefore, the Court will deny the motion.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment

of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims is debatable or wrong. Therefore, the Court will also deny Petitioner a certificate of appealability.

A separate order and judgment will enter.


Dated:  January 21, 2011                              _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE